UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**PATRICK C. PARKS**                                                                                    **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 4:23-CV-P19-JHM**

**GRAYSON COUNTY DETENTION CENTER** *et al.*                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the second amended complaint pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will dismiss some claims and allow one claim to proceed.

**I.**

Plaintiff Patrick C. Parks is incarcerated as a pretrial detainee at Grayson County Detention Center (GCDC). In the second amended complaint (DN 9), Plaintiff names the following Defendants – GCDC and its "Head of Medical Staff" Gray Skagg.[2] Plaintiff sues Defendant Skagg in both his official and individual capacities. Plaintiff alleges that Defendant Skagg has failed to ensure that he receives medical treatment for his serious heart condition which he indicates is known as "Wolff Parkinson Whytle."[3] Plaintiff states that he has made many attempts to see a heart specialist "to only be denied" and that he is "light headed" and that his "blood pressure stay[s] high" even though he takes blood pressure medication. As relief, Plaintiff seeks damages and injunctive relief in the form of allowing him to get his own medical treatment on release.

---

[1] By prior Memorandum and Order, the Court directed Plaintiff to file a superseding second amended complaint to clarify which entities and/or individuals he intended to name as Defendants in this action.

[2] Because Plaintiff does not list the United States Marshals Service as a Defendant in the second amended complaint, the Court will direct the Clerk of Court to terminate it as a party to this action.

[3] It appears that Plaintiff is actually referencing "Wolfe-Parkinson-White" syndrome.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As to Defendant GCDC, it is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Grayson County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claim against Defendant Skagg is also ostensibly against Grayson County, which Plaintiff indicates is Defendant Skagg's employer.

A municipality such as Grayson County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id.* To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred

because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of Grayson County.  Accordingly, Plaintiff's claim against GCDC and his official-capacity claim against Defendant Skagg must be dismissed for failure to state a claim upon which relief may be granted.

Based upon the allegations set forth in the second amended complaint, <u>the Court will allow a Fourteenth Amendment medical care claim to proceed against Defendant Skagg in his individual</u> capacity.  In allowing this claim to proceed, the Court passes no judgment upon its merit or the ultimate outcome of this action.

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant GCDC and his official-capacity claim against Defendant Skagg are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Thus, the **Clerk of Court** is **DIRECTED** to **terminate Grayson County Detention Center, which is also listed as "Grayson Co. Detention Center" on the docket sheet, as a party to this action.**  The **Clerk of Court** is further **DIRECTED** to **terminate the United States Marshals Service as a party to this action since Plaintiff did not identify it as a Defendant in the second amended complaint**.

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date: April 24, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Grayson County Attorney
4414.011